## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | |
|---|---|
| ENDURA PRODUCTS, INC., a North Carolina corporation, | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) Civil Action No. _____ ) |
| GLOBAL PRODUCTS INTERNATIONAL GROUP, LLC, a Georgia limited liability company, | ) **JURY TRIAL DEMANDED** ) ) ) |
| Defendant. | ) |

## COMPLAINT FOR PATENT INFRINGEMENT

Plaintiff Endura Products, Inc. hereby presents its Complaint in the above-captioned action, alleging as follows:

## THE PARTIES

1. Plaintiff Endura Products, Inc. ("Endura") is a North Carolina corporation, and has a regular and established place of business at 8817 Market Street, Colfax, North Carolina 27235.

2. Defendant Global Products International Group, LLC ("GPI") is a limited liability company organized under Georgia law, with its principal place of business at 2765 Bankers Industrial Drive, Atlanta, Georgia, and having as its

registered agent for service of process Thomas J. Harrold, Jr., 1180 West Peachtree Street NW, Suite 2100, Fulton, Atlanta, Georgia 30309.

3. GPI manufactures or causes to be manufactured, imports, offers for sale and/or sells and distributes the door frame assembly components accused of infringement herein. GPI is actively engaged in conducting business within the State of Georgia, including within this district and division.

## JURISDICTION AND VENUE

4. This is an action for injunctive relief, money damages, disgorgement of profits, costs and attorneys' fees related to GPI's patent infringement arising under the patent laws of the United States, 35 U.S.C. § 1 *et seq.*, including 35 U.S.C. § 271.

5. This Court has subject matter jurisdiction over all causes of action set forth herein pursuant to 28 U.S.C. §§ 1331 and 1338(a) because this action arises under the patent laws of the United States, including 35 U.S.C. § 1 *et seq.*

6. Venue is proper in this District and Division pursuant to 28 U.S.C. §§ 1391(b) and (c) and 1400(b).

7. This Court has personal jurisdiction over GPI, and venue is proper in this District, because GPI is domiciled within the State of Georgia and within this District, because GPI actively and regularly conducts business within the State of

Georgia and within this District, and because infringement is occurring within the State of Georgia and this District.

## FACTS

8.  Endura is a leading manufacturer of building products, including door frame assembly components such as door sills, jambs, headers, astragals, thresholds, and associated parts. Endura has a long history of technological innovation in the building products industry, and Endura's specific contributions to the state of the art of door frame components have substantially changed the market for how components for door frame assemblies are designed, made and installed.

9.  In connection with its research and development efforts to improve door frame components and associated parts, Endura has developed two specific inventions for door frame assembly components, which are currently protected by the valid and subsisting United States patents referenced below.

10. GPI is a competitor of Endura and is engaged in the business of manufacturing and distributing door frame assembly components, including *inter alia* door jambs, door sills, sill threshold caps, and corner pads ("GPI Components"), to the building products industry.

11. Upon information and belief, GPI obtains its products from offshore manufacturers, and sells its products to component assemblers or pre-hangers, which use GPI Components to build pre-assembled door assemblies which are sold to contractors, millwork distributors, or retail customers throughout the United States via retail chains such as Lowes and Home Depot. Upon information and belief, such contractors or retail customers then install the pre-assembled door frame assemblies, containing GPI Components, into building entryways. At present, the identities of these manufacturers and distributors are unknown, but may be joined to this action once identified by Endura.

12. Upon information and belief, GPI has and is currently making, using, selling, importing, distributing and/or offering for sale products that infringe at least one claim of a valid patent held by Endura, as set forth specifically below.

## COUNT I - INFRINGEMENT OF U.S. DESIGN PATENT NO. D638,142

13. Endura incorporates herein the allegations of paragraphs 1-12, above.

14. On May 17, 2011, United States Design Patent No. D638,142 (the "'142 Patent") entitled "DOOR SILL THRESHOLD CAP" was duly and legally issued to Endura, protecting the new, original and ornamental design for a door sill threshold cap as shown and described in the '142 Patent.  A true and accurate copy

of the '142 Patent is attached hereto and incorporated herein by reference as **Exhibit A**.

15. Endura is the owner, by assignment, of all right, title and interest in the '142 Patent, and has the right to bring suit for patent infringement thereon.

16. By way of non-limiting example, representative images of select aspects of the ornamental design protected by the '142 Patent are set forth below:






17. Among the GPI Components, GPI manufactures or causes to be manufactured, imports, offers for sale and/or sells an outswing door sill threshold cap ("GPI Threshold Cap") within the United States. Upon information and belief, a schematic drawing representing the design of the GPI Threshold Cap is attached hereto and incorporated herein by reference as **Exhibit B**.

18. Upon information and belief, and by way of non-limiting example, two graphical depictions of the GPI Threshold Cap, obtained from GPI, are set forth below:



19. The GPI Threshold Cap embodies the design covered by the '142 Patent, and infringes the '142 Patent. Specifically, the GPI Threshold Cap is substantially the same as the patented design claimed in the '142 Patent, when viewed by an ordinary observer in the context of the prior art. GPI has and continues to directly infringe, either literally or through the doctrine of equivalents, the '142 Patent by making, using, offering to sell and/or selling, the GPI Threshold Cap within the United States, in violation of 35 U.S.C. § 271(a).

20. Upon information and belief, GPI has made and is continuing to make unlawful gains and profits from its infringement of the '142 Patent.

21.     At least as early as May 25, 2016, Endura gave GPI notice of the '142 Patent and of GPI's infringement thereof.  Upon information and belief, GPI has had knowledge of the '142 Patent since its issuance date of May 17, 2011.

22.     Endura has suffered damages by reason of GPI's infringement of the '142 Patent for which Endura is entitled to relief under 35 U.S.C. §§ 284 and 289, and Endura will suffer additional and irreparable damages unless GPI is enjoined preliminarily and permanently by this Court from continuing its infringement.

23.     GPI's acts of infringement have caused and continue to cause irreparable harm to Endura.  Endura does not have an adequate remedy at law.

## COUNT II – DIRECT INFRINGEMENT OF U.S. UTILITY PATENT NO. 6,219,971

24.     Endura incorporates herein the allegations of paragraphs 1-23, above.

25.     On April 24, 2001, United States Utility Patent No. 6,219,971 (the "'971 Patent"), entitled "JAMB AND THRESHOLD ASSEMBLY WITH WATERTIGHT SEALS," was duly and legally issued to Endura. A true and accurate copy of the '971 Patent is attached hereto and incorporated herein by reference as **Exhibit C**.

26.     By way of non-limiting example, representative images of Endura's door corner sealing pad product which embodies the invention of the '971 Patent are set forth below:

 

27. Endura is the owner, by assignment, of all right, title and interest in the '971 Patent, and has the right to bring suit for patent infringement thereon.

28. By way of example and not by limitation, the '971 Patent includes claims directed to, inter alia, "a corner seal for sealing a bottom corner of an entryway…," (Claim 8) and "a sealing pad for mounting to the bottom end" of a door jamb adjacent to a threshold assembly (Claim 1), and other claims depending therefrom (collectively, the "Corner Seal Claims").

29. By way of further example and not by limitation, the '971 Patent also includes claims directed to "an entryway comprising . . . [*inter alia*,] a sealing pad for mounting to the bottom end" of a door jamb adjacent to a threshold assembly (Claim 6) and other claims depending therefrom (collectively, the "Entryway Claims").

30. Among the GPI Components, GPI manufactures or causes to be manufactured, imports, offers for sale and/or sells a corner pad seal featuring an "angled pad with back leg" (the "GPI Corner Pad") within the United States. Upon information and belief, true and correct copies of GPI's marketing brochure for the GPI Corner Pad are attached hereto and incorporated herein by reference as **Exhibit D.**

31. Upon information and belief, and by way of non-limiting example, a graphical depiction of the GPI Corner Pad, obtained from GPI, is set forth below:



32. Upon information and belief, the GPI Corner Pad infringes the subject matter claimed in the Corner Seal Claims of the '971 Patent, either literally or through the doctrine of equivalents.

33. GPI has therefore directly infringed and continues to infringe the '971 Patent, either literally or through the doctrine of equivalents, by making, using, offering for sale and/or selling the GPI Corner Pad within the United States, in violation of 35 U.S.C. § 271(a).

34. Upon information and belief, GPI has made and is continuing to make unlawful gains and profits from its infringement of the '971 Patent.

35. Endura marks the two-pack packages containing its door corner sealing pads as required by 35 U.S.C. 287(a).

36. Upon information and belief, GPI has had knowledge of the '971 Patent since its issuance date of April 24, 2001, and of the patent application or publication that led to the '971 Patent since before its issuance date, at least because GPI was monitoring the progress of the patent application related to the '971 Patent.

37. Endura has suffered damages by reason of GPI's infringement of the '971 Patent for which Endura is entitled to relief under 35 U.S.C. § 284, and Endura will suffer additional and irreparable damages unless GPI is enjoined preliminarily and permanently by this Court from continuing its infringement.

38. GPI's acts of infringement have caused and continue to cause irreparable harm to Endura.  Endura does not have an adequate remedy at law.

## COUNT III – CONTRIBUTORY INFRINGEMENT OF U.S. UTILITY PATENT NO. 6,219,971

39.     Endura incorporates herein the allegations of paragraphs 1-38, above.

40.     GPI sells its GPI Corner Pad to door assemblers or pre-hangers within the United States, for use in connection with door frame assemblies installed in building entryways.

41.     The GPI Corner Pad constitutes a material part of the invention claimed in the Entryway Claims of the '971 Patent, such that GPI engages in contributory patent infringement of the Entryway Claims of the '971 Patent when the GPI Corner Pad is included in a door frame assembly installed in a building entryway as further described in the Entryway Claims of the '971 Patent.

42.     If GPI is not directly infringing Claim 1 of the '971 Patent, the GPI Corner Pad constitutes a material part of the invention claimed in Claim 1 of the '971 Patent, such that GPI engages in contributory infringement of Claim 1 of the '971 Patent when the GPI Corner Pad is included in a door frame assembly installed in a building entryway as further described in Claim 1 of the '971 Patent.

43.     Upon information and belief, GPI imports, offers for sale and/or sells the GPI Corner Pad for use in practicing the invention claimed in the Entryway Claims of the '971 Patent, and in the alternative, Claim 1 of the '971 Patent,

knowing the same to be especially made or especially adapted for use in a door frame assembly installed in an entryway in a manner that infringes the Entryway Claims, and in the alternative Claim 1, of the '971 Patent.

44. The GPI Corner Pad is not a staple article or commodity of commerce suitable for substantial non-infringing use, but instead is a component specifically designed for use in door frame assemblies installed in entryways, and for no other use, and as such is meant to and does compete directly with Endura's corner pad designed for the same use.

45. The GPI Corner Pad is not suitable for substantial non-infringing uses. The GPI Corner Pad's sole use is for inclusion in door frame assemblies installed in entryways. An entryway which infringes the Entryway Claims, or in the alternative Claim 1, of the '971 Patent, requires a component such as the GPI Corner Pad to function in the specific manner described in the '971 Patent

46. GPI has therefore contributorily infringed and continues to contributorily infringe the '971 Patent, either literally or through the doctrine of equivalents, by making, using, offering to sell and/or selling, the GPI Corner Pad for inclusion in door frame assemblies installed in entryways within the United States, in violation of 35 U.S.C. § 271(c).

47. Upon information and belief, GPI is making unlawful gains and profits from its infringement of the '971 Patent.

48. Endura has suffered damages by reason of GPI's infringement of the '971 Patent for which Endura is entitled to relief under 35 U.S.C. § 284, and Endura will suffer additional and irreparable damages unless GPI is enjoined preliminarily and permanently by this Court from continuing its infringement.

49. GPI's acts of infringement have caused and continue to cause irreparable harm to Endura.  Endura does not have an adequate remedy at law.

## PRAYER FOR RELIEF

WHEREFORE, Endura prays:

(a) that GPI be declared to have infringed the patented design claimed in the '142 Patent;

(b) that GPI be declared to have directly infringed one or more of the claims of the '971 Patent under 35 U.S.C. § 271(a);

(c) that GPI be declared to have contributorily infringed one or more of the claims of the '971 Patent under 35 U.S.C. § 271(c) ;

(d) that the Court issue a preliminary and permanent injunction pursuant to 35 U.S.C. § 283 against the continuing infringements of the claims of the '142

Patent by GPI, its officers, agents, employees, attorneys, representatives, and all others acting in concert therewith;

(e) that the Court issue a preliminary and permanent injunction pursuant to 35 U.S.C. § 283 against the continuing infringements of the claims of the '971 Patent by GPI, its officers, agents, employees, attorneys, representatives, and all others acting in concert therewith;

(f) that the Court order an accounting for all monies received by or on behalf of GPI and all damages sustained by Endura as a result of GPI's aforementioned infringements, that such monies and damages be awarded to Endura, and that interest and costs be assessed against GPI pursuant to 35 U.S.C. § 284;

(g) alternatively, with respect to Count I, that the Court order an accounting of the total profit of GPI arising from GPI's aforementioned infringement of Endura's design patent, and that such total profits be awarded to Endura pursuant to 35 U.S.C. § 289;

(h) that the Court declare this an exceptional case and order that GPI pay to Endura its reasonable attorneys' fees and costs, pursuant to 35 U.S.C. § 285; and

(i) that the Court award such further and other relief to Endura as the Court deems just, together with its costs and disbursements in this action.

## DEMAND FOR A JURY TRIAL

Pursuant to FED. R. CIV. P. 38, Endura hereby demands trial by jury as to all issues so triable in this action.

Respectfully submitted, this 3rd day of October, 2016.

                                         WOMBLE CARLYLE SANDRIDGE & RICE, LLP

                                         */s/  Preston H. Heard*
                                         Preston H. Heard

Of Counsel:                           GA Bar No. 476319
                                         271 17th Street, Suite 2400
Charles A. Burke                  Atlanta, Georgia 30363
Jack B. Hicks                       Telephone:  (404) 872-7000
Stephen F. Shaw                   Facsimile:  (404) 870-8178
300 North Greene Street, Suite 1900     E-Mail: pheard@wcsr.com
Greensboro, NC 27401
Telephone:           336-574-8052
Facsimile:            336-574-4521
E-Mail: cburke@wcsr.com,
jhicks@wcsr.com, stshaw@wcsr.com

                                         *Counsel for Plaintiff Endura*
                                         *Products, Inc.*