# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF GEORGIA
### ATLANTA DIVISION

| | |
|---|---|
| ENDURA PRODUCTS, INC.,<br>  a North Carolina corporation,<br><br>  Plaintiff / Counterclaim-Defendant,<br><br>  v.<br><br>GLOBAL PRODUCTS<br>INTERNATIONAL GROUP, LLC,<br>  a Georgia limited liability company,<br><br>  Defendant / Counterclaim-Plaintiff. | Civil Action No. 1:16-cv-3700-ELR<br><br>**JURY TRIAL DEMANDED** |

## DEFENDANT/COUNTERCLAIM-PLAINTIFF'S
## ANSWER AND COUNTERCLAIMS

Defendant Global Products International Group, LLC ("GPI"), through its undersigned attorneys, hereby answers the Complaint filed by Plaintiff Endura Products, Inc. ("Endura" or "Plaintiff") [Dkt. No. 1, "Complaint"], and pleads the following counterclaims.

## THE PARTIES

1.      GPI is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 1 of the Complaint and therefore denies them.

2.      GPI admits the allegations contained in paragraph 2 of the Complaint.

3.     GPI denies the allegations contained in paragraph 3 of the Complaint, except GPI admits that it is a limited liability company conducting business within the State of Georgia, including within this District and Division.

## JURISDICTION AND VENUE

4.     GPI admits that Plaintiff brings this action for the relief and claims asserted in paragraph 4 of the Complaint, but GPI denies that the action has any legal merit.  GPI denies all other allegations set forth in paragraph 4 of the Complaint.

5.     GPI admits that this Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a), but GPI denies that the action has any legal merit.

6.     GPI admits that venue is proper in this District and Division pursuant to 28 U.S.C. §§ 1391(b) and (c) and 1400(b), but GPI denies that the action has any legal merit.

7.     GPI admits that this Court has personal jurisdiction over GPI, and that venue is proper in this District, but GPI denies that it has committed or is committing any alleged infringement.

## FACTS

8.     GPI is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 8 of the Complaint and therefore denies

them.

9.    GPI denies the allegations contained in paragraph 9 of the Complaint.

10.    GPI denies the allegations in paragraph 10 of the Complaint insofar as they apply to the GPI products subject to the Order for Stipulated Preliminary Injunction [Dkt. No. 16].  GPI otherwise admits that it is a design and manufacturing firm that produces high-quality, affordable products for a variety of industries.

11.    GPI answers solely with regard to the products specifically accused of infringement in this suit, and, therefore, GPI denies the allegations contained in paragraph 11 of the complaint, and refers to the Order for Stipulated Preliminary Injunction [Dkt. No. 16].

12.    GPI denies the allegations contained in paragraph 12 of the Complaint, and further refers to the Order for Stipulated Preliminary Injunction [Dkt. No. 16].

## COUNT I – ALLEGED INFRINGEMENT OF U.S. DESIGN PATENT NO. D638,142

13.    GPI incorporates by reference each of its responses as set forth above.

14.     GPI admits that the face of U.S. Design Patent No. D638,142 (the "'142 Patent") bears an issue date and title as shown on the face of the patent.  GPI also admits that Exhibit A to the Complaint appears to be an accurate copy of the

'142 Patent.  GPI denies all other allegations contained in paragraph 14 of the Complaint.

15.    GPI admits that Plaintiff purports to be the owner of the '142 Patent, but otherwise is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 15 of the Complaint and therefore denies them.

16.    GPI is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 16 of the Complaint and therefore denies them.

17.    GPI denies the allegations contained in paragraph 17 of the Complaint, and refers to the Order for Stipulated Preliminary Injunction [Dkt. No. 16].

18.    GPI is without knowledge as to the source of the figure contained in paragraph 18 of the Complaint, and therefore denies allegations contained in paragraph 18 of the Complaint.

19.    GPI denies the allegations contained in paragraph 19 of the complaint.

20.    GPI denies the allegations contained in paragraph 20 of the complaint, and also refers to the Order for Stipulated Preliminary Injunction [Dkt. No. 16].

21.    GPI admits that it received a letter dated June 6, 2016 from Endura's

4

counsel alleging patent infringement regarding the '142 Patent.  GPI denies all other allegations contained in paragraph 21 of the Complaint.

22.    GPI denies the allegations contained in paragraph 22 of the Complaint.

23.    GPI denies the allegations contained in paragraph 23 of the Complaint.

## COUNT II – ALLEGED DIRECT INFRINGEMENT OF U.S. UTILITY PATENT NO 6,219,971

24.    GPI incorporates by reference each of its responses as set forth above.

25.    GPI admits that the face of U.S. Utility Patent No. 6,219,971 (the "'971 Patent") bears an issue date and title as shown on the face of the patent.  GPI also admits that Exhibit C to the Complaint appears to be an accurate copy of the '971 Patent.  GPI denies all other allegations contained in paragraph 25 of the Complaint.

26.    GPI is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 26 of the Complaint and therefore denies them.

27.    GPI is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 27 of the Complaint and therefore denies them.

28.    GPI is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 28 of the Complaint and therefore denies them.

29.    GPI is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 29 of the Complaint and therefore denies them.

30.    GPI denies the allegations contained in paragraph 30 of the Complaint, and also refers to the Order for Stipulated Preliminary Injunction [Dkt. No. 16].

31.    GPI admits that the image shown in paragraph 31 of the Complaint was shown on the GPI website and marketing communication until on or about October 7, 2016.  GPI also refers to the Order for Stipulated Preliminary Injunction [Dkt. No. 16].   GPI otherwise denies the allegations contained in paragraph 31 of the Complaint.

32.    GPI denies the allegations contained in paragraph 32 of the Complaint.

33.    GPI denies the allegations contained in paragraph 33 of the Complaint.  GPI also refers to the Order for Stipulated Preliminary Injunction [Dkt. No. 16].

34.    GPI denies the allegations contained in paragraph 34 of the Complaint.  GPI also refers to the Order for Stipulated Preliminary Injunction [Dkt. No. 16].

35.    GPI is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 35 of the Complaint and therefore denies them.

36.    GPI denies the allegations contained in paragraph 36 of the Complaint.

37.    GPI denies the allegations contained in paragraph 37 of the Complaint.  GPI also refers to the Order for Stipulated Preliminary Injunction [Dkt. No. 16].

38.    GPI denies the allegations contained in paragraph 38 of the Complaint.

## COUNT III – ALLEGED CONTRIBUTORY INFRINGEMENT OF U.S. UTILITY PATENT NO. 6,219,971

39.    GPI incorporates by reference each of its responses as set forth above.

40.    GPI denies the allegations contained in paragraph 40 of the Complaint, and also refers to the Order for Stipulated Preliminary Injunction [Dkt. No. 16].

41.    GPI denies the allegations contained in paragraph 41 of the

7

Complaint.  GPI also refers to the Order for Stipulated Preliminary Injunction [Dkt. No. 16].

42.      GPI denies the allegations contained in paragraph 42 of the Complaint.

43.      GPI denies the allegations contained in paragraph 43 of the Complaint.  GPI also refers to the Order for Stipulated Preliminary Injunction [Dkt. No. 16].

44.      GPI denies the allegations contained in paragraph 44 of the Complaint.  GPI also refers to the Order for Stipulated Preliminary Injunction [Dkt. No. 16].

45.      GPI denies the allegations contained in paragraph 45 of the Complaint.  GPI also refers to the Order for Stipulated Preliminary Injunction [Dkt. No. 16].

46.      GPI denies the allegations contained in paragraph 46 of the Complaint.  GPI also refers to the Order for Stipulated Preliminary Injunction [Dkt. No. 16].

47.      GPI denies the allegations contained in paragraph 47 of the Complaint, and also refers to the Order for Stipulated Preliminary Injunction [Dkt. No. 16].

48.     GPI denies the allegations contained in paragraph 48 of the Complaint.  GPI also refers to the Order for Stipulated Preliminary Injunction [Dkt. No. 16].

49.     GPI denies the allegations contained in paragraph 49 of the Complaint.  GPI also refers to the Order for Stipulated Preliminary Injunction [Dkt. No. 16].

## PRAYER FOR RELIEF

Plaintiff's Prayer for Relief sets forth requests for relief to which no response is required.  To the extent necessary, GPI denies that Plaintiff is entitled to any of the requested relief or to any relief at all.

## DEMAND FOR JURY TRIAL

Plaintiff's Demand for a Jury Trial does not include any factual allegations to which a response is required by GPI.  GPI demands a trial by jury on all issues so triable.

## GENERAL DENIAL

GPI further denies each and every allegation contained in the Complaint which GPI has not specifically admitted, denied, or otherwise responded to herein.

## GPI'S AFFIRMATIVE DEFENSES

Subject to the responses above, and incorporating to the extent necessary the

9

allegations of GPI's counterclaims as set forth below, GPI alleges and asserts the following defenses in response to Plaintiff's allegations, undertaking the burden of proof only as to those defenses deemed affirmative defenses by law, regardless of how such defenses are denominated herein.  GPI reserves the right to amend its Answer to expand or assert further defenses, to the extent permitted by the Federal Rules of Civil Procedure, the Local Rules, the patent laws of the United States, or as otherwise allowed, as more information becomes available in the present action.

## First Affirmative Defense
## (Non-Infringement of the Patents-in-Suit)

50.    GPI has not infringed any valid claim of either U.S. Design Patent No. D638,142 or U.S. Patent No. 6,219,971 (together, the "Patents-in-Suit"), either directly or indirectly, literally or under the doctrine of equivalents, nor has GPI induced or contributed to such infringement by others.

## Second Affirmative Defense
## (Invalidity of the Patents-in-Suit Patents)

51.    GPI incorporates by reference each of the paragraphs as set forth above.

52.    The claims of the Patents-in-Suit are invalid for failure to comply with the requirements of patentability specified in 35 U.S.C. § 1, *et. seq.*, including but not limited to 35 U.S.C. §§ 101, 102, 103, 112, and/or 171.

### Third Affirmative Defense
### (Laches)

53.     GPI incorporates by reference each of the paragraphs as set forth above.

54.     The front page of the asserted '142 Patent bears an issue date of May 17, 2011.  The front page of the asserted '971 Patent bears and issue date of April 24, 2001.

55.     Plaintiff, or its predecessors-in-interest, unreasonably delayed in bringing the present suit.

56.     To the detriment of GPI, GPI in good faith relied on Plaintiff's lack of enforcement as Plaintiff's commitment that it would not sue GPI to enforce the Patents-in-Suit.

57.     Accordingly, Plaintiff's claims are barred, in whole or in part, by the doctrine of laches.

### Fourth Affirmative Defense
### (Waiver and/or Abandonment)

58.     GPI incorporates by reference each of the paragraphs as set forth above.

59.     On information and belief, Plaintiff has been the assignee of record for the Patents-in-Suit since at least May 17, 2011 for the '142 Patent and at least

April 24, 2001 for the '971 Patent, and Plaintiff has not sought to enforce its alleged rights in the Patents-in-Suit until the present dispute.

60.     Plaintiff's purported rights in the Patents-in-Suit were effective at least as of their date of issuance, or, alternatively, their date of assignment.

61.     As the assignee of record for the Patents-in-Suit, Plaintiff had actual knowledge of the rights in question at least as of their date of issuance, or alternatively, their date of assignment.

62.     On information and belief, for years Plaintiff knew of GPI and GPI's actions in the marketplace, and Plaintiff unnecessarily and unreasonably delayed in bringing any enforcement action regarding the Patents-in-Suit.

63.     Plaintiff's failure to bring any enforcement action when it had knowledge of its rights in the Patents-in-Suit and of GPI's business activities amounts to an intent to relinquish those rights.

64.     Accordingly, Plaintiff's claims are barred, in whole or in part, by the doctrines of waiver and/or abandonment.

### Fifth Affirmative Defense
### (Statutory Limitation on Damages)

65.     GPI incorporates by reference each of the paragraphs as set forth above.

66.     To the extent Plaintiff seeks to recover for alleged infringement

committed more than six years prior to the filing of the Complaint, any recovery is time-barred pursuant to 35 U.S.C. § 286.

67.     On information and belief, Plaintiff failed to give actual or constructive notice of the Patents-in-Suit.

68.     To the extent Plaintiff seeks to recover for the alleged infringement of patents containing invalid claims, recovery of costs is prohibited pursuant to 35 U.S.C. § 288 unless a disclaimer of the invalid claim was entered at the U.S. Patent and Trademark Office before the commencement of the suit.

69.     Accordingly, Plaintiff's claims for damages are limited pursuant to the statutory limitations on damages set forth in 35 U.S.C. §§ 286, 287, and/or 288.

### Sixth Affirmative Defense
### (Prosecution History Estoppel and/or Disclaimer)

70.     GPI incorporates by reference each of the paragraphs as set forth above.

71.     Plaintiff's claims are barred, in whole or in part, by the doctrine of prosecution history estoppel, prosecution disclaimer, and/or due to statements or amendments made during prosecution of the Patents-in-Suit or of any related patents and/or applications, or during any other proceedings before the U.S. Patent and Trademark Office or in any court.

## COUNTERCLAIMS

Pursuant to Rule 13 of the Federal Rules of Civil Procedure,

Defendant/Counterclaim-Plaintiff Global Products International Group, LLC

("GPI"), through its undersigned attorneys, by and for its counterclaims against

Plaintiff/Counterclaim-Defendant Endura Products, Inc., alleges as follows:

## NATURE OF THE ACTION

1.      GPI brings these counterclaims against Endura for non-infringement

and invalidity of U.S. Design Patent No. D638,142 (the "'142 Patent") and U.S.

Patent No. 6,219,971 (the "'971 Patent") (together, the "Patents-in-Suit").

## PARTIES

2.      GPI is a limited liability company organized under Georgia law, with

its principal place of business at 2765 Bankers Industrial Drive, Atlanta, Georgia

30360.

3.      On information and belief, Endura is a North Carolina corporation,

and has a regular and established place of business at 8817 Market Street, Colfax,

North Carolina 27235.

4.      In the present action, Endura alleges that GPI infringes the Patents-in-

Suit [Dkt. No. 1].

## JURISDICTION AND VENUE

5.      This Court has subject matter jurisdiction over these Counterclaims

pursuant to 28 U.S.C. §§ 1331, 1338, 2201, 2202, and the Patent Laws of the

United States set forth in 35 U.S.C. § 100, *et. seq.*

6.      This Court has personal jurisdiction over Endura by virtue of the

present action filed in this Court by Endura.

7.      Venue is proper in this District for these Counterclaims under 28

U.S.C. § 1391.  Endura has consented to venue in this District by bringing the

present action in this District.

## FIRST COUNTERCLAIM
### (Declarations of Non-Infringement)

8.      Paragraphs 1-7 of the Counterclaims are incorporated herein by

reference.

9.      Endura alleges that GPI has infringed and continues to infringe the

Patents-in-Suit.

10.     GPI has not infringed, and is not infringing, any valid and enforceable

claim of the Patents-in-Suit.

11.     An actual controversy exists between the parties, and GPI is entitled

to an requests a declaratory judgment that it has not infringed any valid and

enforceable claim of the Patents-in-Suit.

## SECOND COUNTERCLAIM
### (Declarations of Invalidity)

12.　　Paragraphs 1-7 of the Counterclaims are incorporated herein by reference.

13.　　Endura alleges that the Patents-in-Suit are valid and enforceable.

14.　　Each claim of the Patents-in-Suit is invalid for failing to satisfy one or more requirements of patentability set forth in 35 U.S.C. § 1, *et. seq.*, including but not limited to 35 U.S.C. §§ 101, 102, 103, 112, and 171.

15.　　An actual controversy exists between the parties, and GPI is entitled to and requests a declaratory judgment that each claim of the Patents-in-Suit is invalid.

## EXCEPTIONAL CASE & AWARD OF REASONABLE COSTS, EXPENSES, AND FEES
### (Pursuant to 35 U.S.C. § 285 and 28 U.S.C. § 1927)

16.　　Paragraphs 1-7 of the Counterclaims are incorporated herein by reference.

17.　　Pursuant to 35 U.S.C. § 285, this is an exceptional case and warrants an award to GPI of its costs, expenses, and reasonable attorneys' fees incurred by GPI in defending the suit filed by Endura [Dkt. No. 1].  Among other reasons, Endura knew or should have known that GPI does not infringe any valid claim of the Patents-in-Suit, the claims of the Patents-in-Suit are invalid and/or are

16

unenforceable.  Furthermore, GPI has sold less than $8,000 of the Outswing Sill Cap product accused by Endura of infringing the '142 Patent.  GPI has provided a sales summary and its invoices to Endura, identifying its customers for the GPI Outswing Sill Cap and the quantities and prices charged for that product.

18.     GPI has not made, used, sold, offered for sale, or imported any of the GPI Corner Pad, the product accused of infringing the '971 Patent.

19.     GPI has stipulated to and the Court has ordered a Preliminary Injunction against further manufacture, use, importation, advertising, promotion, offer for sale, or sale of the Outswing Sill Cap and Corner Pad products.  [Dkt. No. 16].  To settle this suit, GPI has offered to convert the Preliminary Injunction to a permanent injunction.  Endura refused GPI's offer and has refused to extend a counteroffer for settlement of this case involving less than $8,000 in sales of the only accused product actually sold.  Instead, Endura has continued this suit and has insisted that GPI disclose highly confidential competitive business information, such as the identity of GPI's product suppliers, before Endura will settle this dispute.

20.     Continuing its infringement accusations against GPI under these circumstances amounts to unjustified and vexatious litigation compelling an award of exceptional case fees.

17

21.     For the reasons stated above, and pursuant to 28 U.S.C. § 1927, Endura and its counsel should be required by the Court to satisfy the costs, expenses, and attorneys' fees reasonably incurred because of Endura's unreasonable and vexatious multiplication of the proceedings.

## DEMAND FOR JURY TRIAL

GPI requests a jury trial on all issues so triable, whether raised by the Plaintiff's Complaint, by GPI's defenses, by GPI's Counterclaims, or by any other claims asserted for trial in the present action.

## PRAYER FOR RELIEF

WHEREFORE, GPI requests that the Court enter judgment in its favor and against Plaintiff/Counterclaim-Defendant Endura as follows:

a)  A judgment dismissing with prejudice the Complaint and declaring that Endura is not entitled to any relief;

b)  A declaratory judgment that GPI has not infringed, directly or indirectly, literally or under the doctrine of equivalents, any valid claim of the Patents-in-Suit;

c)  A declaratory judgment that the claims of the Patents-in-Suit are invalid;

d)  A judgment that this is an exceptional case under 35 U.S.C. § 285 and that Endura and its counsel have unnecessarily and vexatiously multiplied the

proceedings herein pursuant to 28 U.S.C. § 1927;

e) An award to GPI of its reasonable attorneys' fees, costs, and expenses

incurred in the present action; and

f) Such further equitable or other relief as the Court deems just and proper.

This 31st day of October, 2016.

Respectfully submitted,

*/s/ Ann G. Fort*
Ann G. Fort (GA Bar No. 269995)
Robert R. L. Kohse (GA Bar No. 863748)
Sutherland Asbill & Brennan LLP
999 Peachtree Street, NE
Suite 2300
Atlanta, GA 30309
Phone:  404-853-8000
Fax:  404-853-8806
Email:  ann.fort@sutherland.com
          rob.kohse@sutherland.com

## <u>CERTIFICATE OF COMPLIANCE</u>

I hereby certify that the foregoing document complies with LR 7.1(D), NDGa. The font and point size used in preparing the foregoing is Times New Roman, 14 point.

This 31st day of October, 2016.

*/s/  Robert Kohse*
Robert Kohse

## <u>CERTIFICATE OF SERVICE</u>

This is to certify that on the October 31, 2016, the foregoing document was filed electronically with the Court's ECF system, which caused an electronic copy to be served on all counsel of record.

*/s/  Robert Kohse*
Robert Kohse